Copy for Original

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

FEB 1 7 2005

**CLERK, U.S. DISTRICT COURT**

By _____
Deputy

| | | |
|---|---|---|
| BRECK LAMONT ARNOLD | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0273-K |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Breck Lamont Arnold, appearing *pro se*, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.   For the reasons stated herein, the application should be

dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner pled guilty to six different charges of delivery of a controlled substance and was

sentenced to 30 years confinement.   His convictions and sentences were affirmed on direct appeal.

*Arnold v. State*, 2004 WL 170518 (Tex. App.--Dallas, Jan. 29, 2004, pet. ref'd).   Petitioner also

sought post-conviction relief in both state and federal court.   In his federal writ, petitioner alleged

that: (1) one of the indictments was defective; (2) his guilty pleas were unlawfully induced; and (3)

he received ineffective assistance of counsel.   The same claims were raised on collateral review in

state court.   Because the state writs were pending before the Texas Court of Criminal Appeals when

petitioner filed suit in federal court, his federal writ was dismissed without prejudice for failure to

exhaust state remedies.   *Arnold v. Dretke*, 2004 WL 2296719 (N.D. Tex. Oct. 13, 2004), *rec.*

*adopted by* Order, 11/22/04. The Texas Court of Criminal Appeals subsequently denied post-conviction relief without written order. *Ex parte Arnold*, Nos. 60,869-01-06 (Tex. Crim. App. Jan. 12, 2005). Petitioner then filed this action in federal court.

## II.

In his second federal writ, petitioner reurges two of the three grounds asserted in his prior writ: (1) his guilty pleas were unlawfully induced; and (2) he received ineffective assistance of counsel. Petitioner also argues for the first time that the trial court breached the plea agreement by sentencing him to 30 years in prison.

## A.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

## B.

Petitioner has now exhausted his state remedies with respect to the claims that his guilty pleas were unlawfully induced and he received ineffective assistance of counsel. However, by his own admission, petitioner has never challenged his conviction in state court on the ground that the trial

judge breached the plea agreement. (*See* Hab. Pet. at 8, ¶ 22).[1]  Instead, this claim is raised for the

first time in federal court.  Because the highest available state court has not yet considered this claim,

petitioner's federal writ must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for

failure to exhaust state remedies.

DATED:  February 17, 2005

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  Petitioner explains that he did not present this claim in state court because "I'm doing the legal work myself and it too [sic] complex for me so as time go on I'm learning more about things, and what happen on my case." (Hab. Pet. at 8, ¶ 22).  That petitioner is not represented by counsel and recently discovered a new claim does not excuse the exhaustion requirement.